*470 MEMORANDUM **
The facts and procedural posture of this case are familiar to the parties and we do not repeat them here. Petitioners appeal the revocation of their grants of asylum. Petitioners argue that (1) the immigration judge (“IJ”) lacked jurisdiction to reopen proceedings because they had adjustment of status applications pending before a Department of Homeland Security (“DHS”) district director and (2) the government did not produce sufficient evidence of fraud to warrant reopening the proceedings.
It is within the province of the IJ to “conduct proceedings for deciding the ... deportability of an alien.” 8 U.S.C. § 1229a(a)(l). Although an IJ has exclusive jurisdiction over an adjustment of status application during removal proceedings, see 8 C.F.R. § 209.2(c), no regulation or statute similarly grants the director exclusive jurisdiction over such applications filed in the absence of removal proceedings. Indeed, no regulation or statute prohibits an IJ from reopening removal proceedings while an adjustment of status application is pending before a director. The IJ properly exercised jurisdiction in reopening Petitioners’ proceedings.
The government’s motion, though filed six years after the IJ granted Petitioners’ asylum, was not untimely because it was based on fraud in the original proceedings. See 8 C.F.R. § 1003.2(c)(3)(iv). An IJ may grant a motion to reopen if he is “satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.” 8 C.F.R. § 1003.23(b)(3). The government presented evidence that Petitioners had been granted landed immigrant status in Canada in 1974. This evidence called into question Petitioners’ claims of persecution in India in the 1990s and raised the possibility that Petitioners had “firmly resettled” in Canada. See 8 C.F.R. § 208.15. The evidence was material because it conflicted with Petitioners’ statements that they had lived only in India before coming to the United States and because firm resettlement in another country is a bar to asylum status, see 8 C.F.R. § 208.14(d)(2) (1995). Additionally, the evidence was not available at the prior hearing because the government obtained it through an informant after the original proceeding had concluded. Because the government offered uncontested evidence of fraud in the original proceeding, its motion to reopen was timely under 8 C.F.R. § 1003.2(c)(3)(iv).
The petition is therefore DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.